# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00380-JCM-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | |
| TREASURES LANDSCAPE MAINTENANCE ASSOCIATION, et al., | |
| Defendant(s). | |

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). "Even if the defendants concede jurisdiction, the district court may still conclude that some further showing of citizenship may be required to confirm its jurisdiction." *Carolina Casualty*, 741 F.3d at 1088 (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (*per curiam*)). When parties invoke the Court's diversity jurisdiction, they must establish that, *inter alia*, each plaintiff is a citizen of a different state than each defendant. *See Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1095 (9th Cir. 2004). In conducting that analysis, a limited liability corporation is deemed a citizen of every state in which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens").

Pending before the Court is an order to show cause regarding subject matter jurisdiction and, more particularly, the citizenship of Defendants Red Lizard Productions, LLC, and RLP - Fern Crest,

LLC ("Defendants"), and their members. Docket No. 17.[1] Defendants thereafter filed an amended certificate of interested parties identifying their membership as ultimately consisting of Chad Slade and Stacy Slade, who are described as "residents of Nevada." Docket No. 22 at 2. Noting that the pertinent test for diversity purposes is citizenship, and not residency, *see, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), on May 13, 2016, the Court entered a further order requiring Defendants to file a declaration based on personal knowledge identifying the citizenship of the Slades. Docket No. 28; *see also* Docket No. 25 at 3 n.7 (Plaintiff's response to the order to show cause identifying the same deficiency with Defendants' response). The deadline for filing that declaration was May 20, 2016. *See id.* To date, no further filing has been made regarding subject matter jurisdiction.[2]

In short, the Court has already provided two opportunities for Defendants to submit the basic information required for the Court to determine whether it has subject matter jurisdiction in this case. Defendants have been either unable or unwilling to submit such information to the Court. "At some point the train of opportunities ends." *America's Best Inns*, 980 F.2d at 1074.[3] Accordingly, the undersigned **RECOMMENDS** that this case be dismissed for lack of subject matter jurisdiction without prejudice to the refiling of this case in state court, unless Defendants file the previously-ordered declaration by June 14, 2016.

DATED: May 31, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] A separate order to show cause was issued regarding Defendants' certificate of interested parties, Docket No. 18, which the Court later discharged, Docket No. 29.

[2] As the Court noted previously, the complaint only explicitly invokes diversity jurisdiction even though Plaintiff relies in part on arguments arising out of the United States Constitution. Given those circumstances, the Court invited the parties to explain the basis for finding federal question jurisdiction exists in this case if they believed there was such a basis. *See* Docket No. 17 at 2 n.2 (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)). No such showing has been made.

[3] Moreover, because the Court directly ordered the filing of the pertinent information, it denied the request for jurisdictional discovery as duplicative. *See* Docket No. 28 at 1 n.1.

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).