1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

10  BANK OF AMERICA, N.A.,                          )
                                                     )          Case No. 2:16-cv-00380-JCM-NJK
11                         Plaintiff(s),             )
                                                     )          ORDER
12  vs.                                              )
                                                     )          (Docket No. 42)
13  TREASURES LANDSCAPE MAINTENANCE                  )
     ASSOCIATION, et al.,                            )
14                                                   )
                           Defendant(s).             )
15  _____)

16        "I am not the Maytag repairman of federal judges desperately hoping for something to do."

17  *Mazzeo v. Gibbons*, 2010 WL 3020021, *1 (D. Nev. July 27, 2010).  "[O]ther cases, motions filed,

18  scheduled hearings and settlement conferences do not afford me the luxury of dropping everything to

19  hear a party's perceived 'emergency.'" *Id.*  Hence, requests for emergency resolution of a motion or

20  stipulation should be made sparingly, and should be filed only when the movant has not delayed in

21  bringing the issue to the Court's attention. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137,

22  1140-42 (D. Nev. 2015); *see also* Local Rule 7-4(b).

23        Nine days ago, the Court set a hearing in this case for August 2, 2016.  *See* Docket No. 36.

24  Yesterday afternoon, counsel for Nevada Association Services (Christopher Yergensen) filed a defective

25  stipulation seeking to continue that hearing without providing any reasons whatsoever for the

26  continuance requested.  *See* Docket No. 39; *see also* Docket No. 40 (corrected image).  The Court

27  promptly denied that stipulation.  *See* Docket No. 41; *see also* Local Rule IA 6-1 (establishing

28  requirements for requests to continue).  Thereafter, at 9:50 a.m. today, Mr. Yergensen renewed that

1  stipulation, explaining that he would be out of town until August 3, 2016.  *See* Docket No. 42.  Mr.

2  Yergenson did not file that stipulation in accordance with the procedures for seeking emergency relief.

3  *See, e.g.*, Local Rule 7-4.  Instead, his staff simply telephoned the Clerk's Office at 9:52 a.m. to instruct

4  the Court that Mr. Yergenson required an order on his stipulation by noon, at which time he planned to

5  catch a flight.  In doing so, Mr. Yergenson disrupted the Court's already-scheduled calendar and duties,

6  which include presiding over a settlement conference throughout the morning.  Mr. Yergernson's

7  conduct also displays a lack of understanding of his duties as an attorney and the requirements for

8  practicing law in this Court, a recurring problem.  While Mr. Yergenson may wish to have his stipulation

9  resolved within two hours of its filing, he provides no explanation why that stipulation was not filed nine

10  days ago when the Court set the instant hearing.[1]  Attorneys lack the prerogative to delay in seeking

11  relief and then to demand that relief on an expedited basis.  *See, e.g., Cardoza*, 141 F. Supp. 3d at 1143.

12  Nor do attorneys dictate to the Court the schedule on which requests are resolved, whether presented as

13  an emergency or not.  *See, e.g.*, Local Rule 7-4(c).

14      Because Mr. Yergenson's conduct has already disrupted the Court's ability to conduct its other

15  duties, <u>and as a one-time courtesy</u>, the Court will nonetheless rule on the stipulation at this time.  That

16  stipulation is hereby **GRANTED** and the hearing is continued to 10:00 a.m. on August 12, 2016, in

17  Courtroom 3B.  In the future, counsel's self-made emergency will not prompt expedited relief being

18  ordered by the Court.  The Court also again expresses concern that Mr. Yergenson is not prepared to

19  practice law in this Court.  **Mr. Yergenson must take all appropriate steps to understand the**

20  **requirements for practicing in this Court.**

21      IT IS SO ORDERED.

22      DATED: July 28, 2016

23      _____

24      NANCY J. KOPPE
        United States Magistrate Judge

25

26

27

---

28  [1] Nor does Mr. Yergenson explain why he failed to comply with even the most basic requirements for stipulations in his filing yesterday.