UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-380 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| TREASURES LANDSCAPE MAINTENANCE ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP's ("BANA") motion to stay pending appeal. (ECF No. 80).

On April 17, 2017, the court granted motions for summary judgment filed by crossclaimant RLP Fern Crest, LLC, a series of Red Lizard Productions, LLC ("Fern Crest") (ECF No. 48) and crossdefendant Treasures Landscape Maintenance Association (the "HOA") (ECF No. 50). (ECF No. 72). Judgment was entered on that same date. (ECF No. 73). On May 17, 2017, BANA filed a notice of appeal. (ECF No. 79).

On May 1, 2017, the HOA filed a motion for attorney's fees. (ECF No. 75). On May 15, 2017, the court granted a stipulation (ECF No. 77) to extend BANA's time to respond to the HOA's motion for attorney's fees (ECF No. 75), continuing the response deadline to May 22, 2017. (ECF No. 78).

In the instant motion, BANA requests that the court stay litigation and defer resolution of the motion for attorney's fees until after the resolution of BANA's appeal. (ECF No. 80). In the alternative, BANA requests that its deadline to respond to the HOA's motion for attorney's fees

**James C. Mahan**
**U.S. District Judge**

be set for twenty (20) days after the entry of the court's order denying BANA's motion. (ECF No. 80).

"A stay is an 'intrusion into the ordinary process of administration and judicial relief." *Nken v. Holder*, 556 U.S. 418, 427 (2009). "A stay is not a matter of right . . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Id.* (citation omitted).

In exercising its discretion, a court is guided by the following legal principles: (1) has the movant made a strong showing it is likely to succeed on the merits of the appeal; (2) will the movant suffer irreparable injury in the absence of a stay; (3) will other parties be substantially injured by a stay; and (4) where the public interest lies. *Id*. (citing *Nken*, 556 U.S. at 434).

BANA argues that factor (1) should be flexibly applied because it would otherwise almost never be granted. (ECF No. 80 at 3). BANA contends that the remaining factors weigh in favor of granting a stay. (ECF No. 80 at 3). As to factor (2), BANA asserts a stay would preserve judicial resources and allow BANA to focus on the appeal. (ECF No. 80 at 3–4). As to factor (3), BANA asserts that the HOA will not be harmed by a stay because it would not be able to collect any fees until after the Ninth Circuit rules on BANA's appeal. (ECF No. 80 at 4). As to factor (4), BANA asserts that public interest weighs in favor of a stay because it favors efficient use of resources. (ECF No. 80 at 5).

Upon considering the foregoing factors and BANA's motion, the court finds that BANA has failed to show that the present circumstances justify an exercise of the court's discretion. As to factor (1), BANA has failed to make "a strong showing" that it is likely to succeed on the merits of the appeal. Rather, BANA merely sets forth the arguments it intends to make on appeal and argues that factor (1) should be applied with flexibility.

However, even affording BANA the flexibility it seeks as to factor (1), BANA still fails to show that the remaining factors weigh in favor of a stay. BANA has not argued or shown that it would suffer any irreparable injury in absence of a stay. Preserving resources and allowing BANA

to focus on the appeal does not constitute "irreparable injury," nor does BANA attempt to argue otherwise. Further, factors (3) and (4) are neutral at best.

In light of the foregoing, the court will deny BANA's motion to stay pending appeal (ECF No. 80). The court will, however, grant BANA fourteen (14) days from the entry of this order to file a response to the HOA's motion for attorney's fees.

Accordingly,

IT IS HEREBY ORDERED that BANA's motion to stay pending appeal (ECF No. 80) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that BANA shall file within fourteen (14) days of the entry of this order a response, if any, to the HOA's motion for attorney's fees (ECF No. 75

DATED May 31, 2017.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE