UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff(s),<br><br>v.<br><br>TREASURES LANDSCAPE MAINTENANCE ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-380 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Treasures Landscape Maintenance Association's (the "HOA") motion for attorney's fees and costs. (ECF No. 75). Plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BANA") filed a response (ECF No. 83), to which the HOA replied (ECF No. 86).

**I.      Facts**

This case involves a dispute over real property located at 2913 Fern Crest Avenue, North Las Vegas, Nevada 89031 (the "property").

William and Amber Morris purchased the property on June 9, 2003. (ECF No. 1 at 4). To refinance the property, they obtained a loan in the amount of $235,869.00, which was secured by a deed of trust recorded on December 10, 2008. (ECF No. 1 at 4).

The deed of trust was assigned to BANA via an assignment deed of trust recorded April 16, 2010. (ECF No. 1 at 4).

On May 20, 2011, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $1,343.40. (ECF

**James C. Mahan**
**U.S. District Judge**

1   No. 1 at 4). On July 18, 2011, NAS recorded a notice of default and election to sell to satisfy the
2   delinquent assessment lien, stating an amount due of $1,975.50. (ECF No. 1 at 4).

3   On May 15, 2012, NAS recorded a notice of trustee's sale, stating an amount due of
4   $3,146.17. (ECF No. 1 at 5). On December 14, 2012, defendant Red Lizard Productions, LLC.
5   ("RLP") purchased the property at the foreclosure sale for $3,955.00. (ECF No. 1 at 5–6). A
6   foreclosure deed in favor of RLP was recorded on December 20, 2012. (ECF No. 1 at 5).

7   On November 24, 2015, RLP recorded a grant, bargain, sale deed conveying the property to
8   Fern Crest. (ECF No. 1 at 6). Thus, Fern Crest is the current record owner of the property.

9   On February 24, 2016, BANA filed the underlying complaint, alleging four causes of action:
10  (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against NAS
11  and the HOA; (3) wrongful foreclosure against NAS and the HOA; and (4) injunctive relief against
12  RLP and Fern Crest. (ECF No. 1). On February 17, 2017, the court dismissed claims (2) through (4)
13  of BANA's complaint for failure to mediate pursuant to NRS 38.310. (ECF No. 70).

14  On April 18, 2016, Fern Crest filed a counterclaim against BANA and crossclaims against
15  the HOA and NAS alleging four causes of action: (1) declaratory relief/quiet title against all parties;
16  (2) preliminary and permanent injunction against BANA from foreclosure action; (3) slander of title
17  against BANA; and (4) unjust enrichment against all parties. (ECF No. 14).

18  On October 13, 2016, the HOA and BANA each moved for summary judgment.  (ECF
19  Nos. 49, 50).  On April 17, 2017, the court granted summary judgment in favor of the HOA and
20  against BANA on the quiet title claim.  (ECF No. 72).

21  In the instant motion, the HOA filed a timely motion requesting attorney's fees and costs
22  pursuant to Federal Rule of Civil Procedure 54(d) and LR 54-14.  (ECF No. 75).

23  **II.   Legal Standard**

24  Under the "American Rule," litigants generally must pay their own attorney's fees in
25  absence of a rule, statute, or contract authorizing such an award.  *See Alyeska Pipeline Co. v.*
26  *Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197
27  F.3d 1276, 1280–81 (9th Cir. 1999).  Nonetheless, the decision to award attorney's fees is left to
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31. Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010.

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorney's fees, not a right to recover attorney's fees). Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

Under Rule 54(d), a prevailing party seeking attorney's fees must meet the following four requirements: (i) file the motion no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

Further, the prevailing party must comply with the additional requirements of Local Rule 54-14(b) and provide "an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion, and confirming that the bill was reviewed and edited and that the fees and costs charged are reasonable." LR 54-14(b), (c). A failure to provide the documentation required by LR 54-14(b) and (c) in a motion for attorney's fees "constitutes a consent to the denial of the motion." LR 54-14(d).

### III. Discussion

In the instant motion, the HOA requests attorney's fees and costs in the amount of $15,279.80. (ECF No. 75). The HOA asserts that it prevailed on its claim for quiet title and, as the prevailing party, the HOA argues it is entitled to attorney's fees and costs pursuant to Rule 54(d) and LR 54-14. (ECF No. 75). Specifically, the HOA advances three arguments: (1) the

James C. Mahan
U.S. District Judge

- 3 -

HOA is entitled to attorney's fees and costs pursuant to NRS 116.3116; (2) the HOA is entitled to attorney's fees and costs pursuant to NRS 116.4117; and (3) the HOA is entitled to attorney's fees and costs under the CC&Rs. (ECF No. 75).

BANA contends that the HOA is not entitled to attorney's fees under any of its theories. (ECF No. 83 at 1). The court agrees.

Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010.

### A. NRS 116.3116

First, the HOA argues that it is entitled to attorney's fees under NRS 116.3116 because "a judgment or decree in any action brought under this section must include costs and reasonable attorney's fees for the prevailing party." (ECF No. 75 at 3) (emphasis omitted); Nev. Rev. Stat. § 116.3116(12).

However, the Nevada Supreme Court recently ruled that:

> Although appellant's quiet title and declaratory relief action may have relied on NRS 116.3116's superpriority lien provision, NRS 116.3116 did not authorize appellant's action, meaning the action necessarily was not brought under that statute . . . [r]ather, appellant's action was brought under NRS 30.010 *et seq.* and NRS 40.010, Nevada's statutes authorizing declaratory relief and quiet title actions.

*R Ventures I, LLC v. Wells Fargo Bank, N.A.*, 393 P.3d 660, 660 (Nev. 2017).

While BANA may have relied on NRS 116.3116's superprioty lien provision, it did not bring suit under NRS 116.3116. (ECF No.1). BANA brought suit under quiet title and declaratory relief actions. (ECF No. 1).

Therefore, the HOA is not entitled to attorney's fees under NRS 116.3116 and the court will deny the HOA's motion for attorney's fees as it relates to NRS 116.3116.

### B. NRS 116.4117

Second, the HOA argues that attorney's fees should be awarded pursuant to NRS 116.4117. (ECF No. 75 at 4). However, while BANA may have relied on NRS 116.4117 for a portion of its

**James C. Mahan**
**U.S. District Judge**

- 4 -

argument, BANA did not bring suit under NRS 116.4117. (ECF No. 1). BANA brought suit under quiet title and declaratory relief actions. (ECF No. 1).

Therefore, the court will deny the HOA's motion for attorney's fees as it relates to NRS 116.4117 because the same reasoning applies as above.

### C. CC&Rs

Third, the HOA argues that attorney's fees should be awarded pursuant to § 12.03 of the CC&Rs. (ECF No. 75 at 4). Specifically, § 12.03 states that "each provision of this Declaration may be enforced by Declarant . . . , the Association, or any Owner." (ECF Nos. 75 at 4; 52-10 at 8). However, this argument likewise fails because BANA did not bring suit under the CC&Rs, it brought suit under quiet title and declaratory relief actions. (ECF No. 1).

Furthermore, BANA was never party to the CC&Rs; in the HOA's motion for summary judgment, the HOA stated that "no contract [] exists between the [HOA] and [BANA]." (ECF No. 50 at 28).

Therefore, the court will deny the HOA's motion for attorney's fees as it relates to the CC&Rs.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion for attorney's fees and costs (ECF No. 75) be, and the same hereby is, DENIED.

DATED July 21, 2017.

_____
UNITED STATES DISTRICT JUDGE